**UNITED STATES BANKRUPTCY COURT FOR THE**
**EASTERN DISTICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re: ) | |
| ) | |
| East Coast Custom Coaches, Inc., ) | Case No. 19-11536-KHK |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

## **MEMORANDUM OPINION**

Before the Court are cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Civil Rules"), as incorporated by Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), filed by Janet M. Meiburger, as Trustee (the "Trustee") on behalf of the estate of East Coast Customs Coaches, Inc. (the "Debtor") and by Carey Alan Snyder ("Mr. Snyder"), a judgment creditor and former board member of the Debtor. The summary judgment motions each seek judgment as a matter of law as to whether Mr. Snyder should be permitted to offset his breach of contract judgment (the "Contract Judgment") against the bankruptcy estate, in the amount of $746,320.23 (Claim No. 19), by the $165,000.00 amount of the Debtor's breach of fiduciary duty judgment (the "Fiduciary Judgment" and together with the Contract Judgment, the "Judgments"). The Trustee's Motion (Docket No. 88) asserts that setoff should not be permitted because (i) the state court that entered the Judgments denied Mr. Snyder's request for setoff and therefore, issue preclusion[1] prevents relitigating the issue; (ii) state

---

[1] The parties refer to the concept of *res judicata* throughout their pleadings. Given that the instant matter involves a single issue that was decided in the state court, setoff, as opposed to an entire claim, the Court will use the term issue preclusion. However, the distinction is largely without substantive difference here because the standards for *res judicata* and issue preclusion (or by another name, collateral estoppel) are substantively the same as issue preclusion is a subset of *res judicata*. *See* e.g., *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (noting that issue preclusion is a subset of *res judicata*).

law does not permit setoff in this case because the Fiduciary Judgment is against Mr. Snyder as a fiduciary, and therefore mutuality is lacking; and (iii) Mr. Snyder's purported lien on the Fiduciary Judgment is inferior to the Trustee's interest in such judgment by virtue of 11 U.S.C. § 544 because Mr. Snyder failed to properly attach and perfect such lien. Mr. Snyder's Motion and brief (Docket Nos. 86, 87) assert that setoff should be permitted because (i) issue preclusion is inapplicable here because the state court did not decide the issue of setoff; (ii) mutuality exists for purposes of setoff; (iii) Mr. Snyder's claim is secured as a commercial tort claim by virtue of his proof of claim; and (iv) that equitable considerations warrant allowing setoff here. Based on the record before the Court and the reasons that follow, the Court will grant summary judgment in favor of the Trustee and will enter a separate order denying Mr. Snyder's Motion for Relief from the Automatic Stay to Allow Offset of Claims (Docket No. 78). This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.[2]

## Jurisdiction

The Court has subject-matter jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(E), (G), (K) and (O). Venue is appropriate pursuant to 28 U.S.C. § 1409.

## Undisputed Facts

The Debtor was a Virginia corporation engaged in the business of acquiring motor trailers and refurbishing them into food trucks. The Debtor's principals included Eduardo Bocock, as President and CFO, and Jason Tipton, as Vice President of Operations.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

Sometime prior to May of 2016, Mr. Snyder was approached by Bocock and Tipton about advising the Debtor with respect to growth and its technology capabilities. In connection with Mr. Snyder's advisory role he was made minority shareholder and a member of the board of directors of the Debtor.

In May of 2016, Mr. Snyder loaned the Debtor $300,000 and in June of 2016, Mr. Snyder loaned the Debtor an additional $200,000 (together, the "Loans"). On May 19, 2016 the Debtor, as grantor, and Mr. Snyder as secured party, executed a security agreement granting Mr. Snyder a blanket lien on substantially all assets of the Debtor (such security agreement, as amended by that certain amendment to security agreement dated June 24, 2016, the "Security Agreement"). Claim No. 19-2, pgs. 7-18. A UCC-1 Financing statement was filed with the Virginia State Corporation Commission as well. Claim No. 19-2, pgs. 28-29. The Security Agreement does not specifically identify, nor could it possibly identify, the Fiduciary Judgment, which was entered in 2018. In connection with obtaining the Loans, the Debtor furnished Mr. Snyder with a balance sheet (the "2016 Balance Sheet"). The 2016 Balance sheet indicated that the Debtor had no debt. In 2017, a dispute arose between the Debtor and Mr. Snyder when a 2017 balance sheet showed $450,000 in debt. As a result, Mr. Snyder declared a default on the Loans and resigned from the Debtor's board.

Ultimately, the Loan dispute became the subject of state court litigation in Fairfax County Circuit Court. Mr. Snyder filed suit against the Debtor for breach of contract, while the Debtor filed a countersuit against Mr. Snyder for breach of fiduciary duty. During the discovery process, Mr. Snyder learned that the Debtor's undisclosed debt was approximately $2 million. On October 1, 2018, a jury trial was held on both claims and the final Judgment Order (as defined below) was entered on January 30, 2019. Docket No. 88, Exhibit G, pg. 83. On the breach of fiduciary duty

claim, the jury found for the Debtor and entered the Fiduciary Judgment against Mr. Snyder. On the breach of contract claim, the jury found for Mr. Snyder and entered the Contract Judgment against the Debtor. *See* Claim No. 19-2, pgs. 31-34 (the "Judgment Order"). The Judgment Order includes Mr. Snyder's objection that the Judgments were not setoff against one another.

Mr. Snyder appealed the Fiduciary Judgment and posted a supersedeas bond in the amount of $165,000 (the "Supersedeas Bond"). In a post-judgment motion to enforce the Contract Judgment, Mr. Snyder asserted that "Snyder moved to have these judgments offset but the [Fairfax County Circuit Court] denied the motion and issued a Final Order on January 30, 2019." *See* Docket No. 88, Exhibit G, pg. 83. The Fairfax County Circuit Court granted the post-judgment motion. Although the Virginia Supreme Court declined to hear the appeal, the Supersedeas Bond is being held in the Fairfax County Circuit Court pending the outcome of the instant matter.

In May of 2019, certain creditors of the Debtor filed an involuntary chapter 7 petition against the Debtor. The petition was unopposed, and the Court entered an Order for relief on June 7, 2019. Docket Nos. 1, 13. On June 14, 2019, Janet M. Meiburger, was appointed as the chapter 7 trustee. Docket No. 17. The Debtor's schedules and statement of financial affairs disclosed certain assets and liabilities, among them, an undisputed secured claim in favor of Mr. Snyder in the amount of $667,100. *See* Schedule D.2.2. In November of 2019, Mr. Snyder filed an amended secured proof of claim in the amount of $746,320.23. Claim No. 19-2.

In March of 2020, the Trustee made demand on Mr. Snyder to pay the Fiduciary Judgment. In response, Mr. Snyder filed a Motion for Relief from the Automatic Stay to allow Mr. Snyder to offset the Fiduciary Judgment against the Contract Judgment (Docket No. 78) (the "Motion for Relief"). The Court held a hearing on the Motion for Relief and the Trustee's response thereto on

4

May 6, 2020. At the hearing the parties agreed that they would submit the issue of setoff to the Court via summary judgment motions.

## Standard of Review

Summary judgment "is favored as a mechanism to secure the 'just, speedy and inexpensive determination' of a case." *Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.*, 57 F.3d 1317, 1322-23 (4th Cir. 1995) (quoting Fed. R. Civ. P. 1). Under Civil Rule 56(a), as made applicable hereto by Bankruptcy Rule 7056, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. The party moving for summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-22 (1986). In determining whether this burden has been met, the court will consider all evidence in the light most favorable to the nonmoving party. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979) (citing *United States v. Diebold*, Inc., 369 U.S. 654, 655 (1962) (per curiam)). "[O]nce the moving party has identified the absence of a genuine issue of material fact, the nonmoving party bears the burden of identifying specific facts that demonstrate the existence of a genuine issue for trial." *Hopkins v. Horizon Mgmt. Servs., Inc.*, 302 F. App'x 137, 139 (4th Cir. 2008) (citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

> The disputed facts must be material to an issue necessary for the proper resolution of the case, and the quality and quantity of the evidence offered to create a question of fact must be adequate to support a jury verdict. Thus, if the evidence is 'merely colorable' or 'not significantly probative,' it may not be adequate to oppose entry of summary judgment.

*Thompson Everett, Inc.*, 57 F.3d at 1323 (quoting *Anderson*, 477 U.S. at 249-50). "Neither conclusory allegations, speculative scaffolding of one inference upon another, nor the production of a 'mere scintilla of evidence' in support of a nonmovant's case suffices to forestall summary judgment." *Moody v. Arc of Howard Cty., Inc.*, 474 F. App'x 947, 949 (4th Cir. 2012).

**Analysis**

The Trustee's Motion (Docket No. 88) asserts that setoff should not be permitted because (i) the Fairfax County Circuit Court denied Mr. Snyder's request for setoff and therefore, issue preclusion prevents relitigating the issue; (ii) Virginia law does not permit setoff in this case because the Fiduciary Judgment is against Mr. Snyder as a fiduciary, and therefore mutuality is lacking; and (iii) Mr. Snyder's purported lien on the Fiduciary Judgment is inferior to the Trustee's interest in such judgment by virtue of 11 U.S.C. § 544 because Mr. Snyder failed to properly attach and perfect such lien.

Mr. Snyder's Motion and brief (Docket Nos. 86, 87) assert that setoff should be permitted because (i) issue preclusion is inapplicable here because the state court did not decide the issue of setoff; (ii) mutuality exists for purposes of setoff; (iii) Mr. Snyder's claim is secured as a commercial tort claim by virtue of his proof of claim; and (iv) that equitable considerations warrant allowing setoff here.

In summary, the issues before the Court are as follows:

(1) Whether issue preclusion prevents this Court from reviewing the issue of setoff;
(2) Whether mutuality is lacking for purposes of setoff;
(3) Whether Mr. Snyder's purported lien on the Fiduciary Judgment justifies setoff; and
(4) Whether equitable considerations warrant setoff.

The Court will address each issue, and the law applicable to each issue, in turn.

1)  Whether issue preclusion prevents this Court from reviewing the issue of setoff:

The Trustee asserts that issue preclusion applies to the issue of setoff because the Fairfax County Circuit Court already decided that issue when it declined to net the Fiduciary Judgment and Contract Judgment. In so asserting, the Trustee relies on the Judgment Order and Mr. Snyder's objections thereon, and Mr. Snyder's post-judgment motion in that court, which asserted that the Fairfax County Circuit Court already decided and denied setoff. Therefore, the Trustee asserts, issue preclusion, requires that setoff be denied.

Mr. Snyder asserts that the issue of setoff was neither litigated nor decided by the Fairfax County Circuit Court. Mr. Snyder also asserts that to the extent the issue was litigated, the same parties are not present for purposes of issue preclusion because the Trustee was not before the Fairfax County Circuit Court. Virginia law controls the preclusive effect of the Fiduciary Judgment.

Under Virginia law, the proponent of issue preclusion must demonstrate: "(1) the parties to the two proceedings, or their privies, be the same; (2) the factual issue sought to be litigated must have been actually litigated in the prior action and must have been essential to the prior judgment; and (3) the prior action must have resulted in a valid, final judgment against the party sought to be precluded in the present action." *Hately v. Watts*, 917 F.3d 770, 778 (4th Cir. 2019) (internal citations omitted). Also, "in Virginia, [issue preclusion] requires a fourth element, mutuality." *Id.* (internal citations omitted).

With respect to the identity of parties and the mutuality requirement, Mr. Snyder argues that because the estate (and not the Debtor) is now asserting issue preclusion, there is no identity of parties for purposes of issue preclusion. Docket No. 90, pg. 3. In so arguing, Mr. Snyder refers to *Leeman v. Troutman Builds,* a Virginia Supreme Court case, and quotes the following language: "[o]ne of the fundamental prerequisites to the application of the doctrine of *res judicata* is that

7

there must be an identity of parties between the present suit and the prior litigation asserted as a bar." *Leeman v. Troutman Builds*, 260 Va. 202, 206, 530 S.E.2d 909, 911 (2000). Mr. Snyder cites this language for the proposition that the Trustee is not the same party as the Debtor for purposes of issue preclusion. *Leeman* arose as a result of a default judgment entered against a land developer in favor of certain of the property owners that lived in the development (the "Leeman Plaintiffs"). Leeman, 260 Va. at 204. Other property owners in the development then filed their own lawsuit seeking a declaratory judgment that they were not subject to the default judgment entered against the land developer. *Id*. In ruling that *res judicata* did not apply to the default judgment, the *Leeman* court quoted its own prior precedent in *Dotson v. Harman*, observing:

> We have stated that:
>
> > One of the fundamental prerequisites to the application of the doctrine of res judicata is that there must be an identity of parties between the present suit and the prior litigation asserted as a bar. A party to the present suit, to be barred by the doctrine, must have been a party to the prior litigation, *or represented by another so identified in interest with him that he represents the same legal right*.

*Leeman*, 260 Va. at 206 (quoting *Dotson v. Harman*, 232 Va. 402, 404–05, 350 S.E.2d 642, 644 (1986) (emphasis added). Upon review of the unabridged quoted language, the Court finds that the cited case undercuts Mr. Snyder's argument.

Mr. Snyder then, in what seems to be an about face from his *res judicata* theory, argues that he *should* be able to setoff his claim against the estate, because the same parties *are* present for purposes of setoff. *Id*. at pgs. 5-6. It is beyond dispute that the Trustee, on behalf of the estate is so identified with the Debtor that she represents the Debtor's same legal rights. Indeed, as the Trustee also observed, the Trustee's ability to exercise the Debtor's rights, and to sue and be sued, on behalf of the estate derives from 11 U.S.C. §§ 323 and 541. *See* Docket No. 89, pg. 8. In other

words, the Trustee steps into the Debtor's shoes, so the Court rejects Mr. Snyder's attempt to distinguish between the Trustee and the Debtor.

With respect to whether the setoff issue was decided by the Fairfax County Circuit Court, the Court finds Mr. Snyder's arguments that the Fairfax County Circuit Court did not decide the issue of setoff to be disingenuous. First, the Judgment Order itself contains Mr. Snyder's objection that the Fiduciary Judgment and Contract Judgment were not offset. Second, Mr. Snyder himself claimed in his post-judgment enforcement motion, which was granted, that "Snyder moved to have these judgments offset but the Court denied the motion and issued a Final Order on January 30, 2019." *See* Docket No. 88, Exhibit G, pg. 83. The Judgment Order, Mr. Snyder's objection thereon, and Mr. Snyder's post-judgment motion could not be clearer: the issue of setoff was presented to and decided by the Fairfax County Circuit Court. As a result, because the Fairfax County Circuit Court already decided the issue of setoff against Mr. Snyder, this Court cannot now revisit this issue. Although the Court is confident that issue preclusion is dispositive, for the sake of completeness, the Court will address the Trustee's and Mr. Snyder's remaining arguments.

2) Whether mutuality is lacking for purposes of setoff:

To the extent issue preclusion does not dispose of the setoff issue, the Trustee also asserts that the requirements for setoff under Virginia law have not been met—namely, mutuality. The Trustee asserts that mutuality is lacking because the Debtor incurred the Fiduciary Judgment as a fiduciary, and therefore not in the same capacity as the Contract Judgment, for purposes of mutuality and setoff. In so asserting, the Trustee relies on *Darr v. Muratore*, 8 F.3d 854, 860 (1st Cir. 1993)("Where the liability of the party seeking the setoff arises from breach of a fiduciary duty, mutuality of debts does not exist and therefore no setoff is available"). Mr. Snyder argues

9

that mutuality is present here because the Fiduciary Judgment is not owed in a separate capacity, such as through a corporate form or in a trustee's capacity.

Section 553 of the Bankruptcy Code provides, subject to exceptions that have not been asserted here, that a creditor may

> offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case…

11 U.S.C. § 553. Section 553 does not create a federal right of setoff, but instead, preserves any setoff right that already exists under nonbankruptcy law, which here, is Virginia law. Virginia law recognizes setoff rights as:

> a counter demand of a liquidated sum growing out of a transaction extrinsic to the plaintiff's demand, for which an action on contract might be maintained by the defendant against the plaintiff and which is now exhibited by the defendant against the plaintiff for the purpose of counterbalancing in whole or in part the plaintiff's demand, and, where it exceeds the plaintiff's demand of recovering a judgment in his own favor for the excess.

*King v. Fulbright & Jaworski, LLP (In re Koch)*, 224 B.R. 572, 576 (Bankr. E.D. Va. 1998) (quoting *Nat'l Bank and Trust Co. v. Castle*, 196 Va. 686, 695, 85 S.E.2d 228, 233 (1955)). If the creditor is able to establish that it holds a prepetition "claim" against the debtor, that the creditor owes a "debt" to the debtor that also arose prepetition, that the claim and debt are mutual and that each is valid and enforceable, the right of setoff applies. *In re Nedrick*, No. 10-33456-KLP, 2017 WL 1207507, at *9 (Bankr. E.D. Va. Mar. 31, 2017); *Mine Serv. Co. v. James River Coal Co. (In re James River Coal Co.)*, 534 B.R. 666, 669 (Bankr. E.D. Va. 2015); *In re Koch*, 224 B.R. at 576. Finally, the Court notes that even if these elements are established, setoff in bankruptcy is not mandatory, but instead, is left to the equitable discretion of the bankruptcy court. *In re Nedrick*, No. 10-33456-KLP, 2017 WL 1207507, at *11 (Bankr. E.D. Va. Mar. 31, 2017) (internal citations omitted).

The only real legal issue here is whether the nature of the Fiduciary Judgment, as a breach of fiduciary duty debt, defeats mutuality. Although the Trustee relies on a First Circuit case for the proposition that a debt based on a breach of fiduciary duty defeats mutuality for purposes of setoff, its rationale is consistent with that employed by other courts, including those in the Fourth Circuit. Indeed, courts in the Fourth Circuit and elsewhere have denied setoff where the creditor's debt to the Debtor was based on breaching a fiduciary duty. *See e.g. In re Lambert Oil Co., Inc.*, 347 B.R. 508, 520 (W.D. Va. 2006) (observing that breach of fiduciary duty defeats mutuality); In re *Blanton*, 105 B.R. 321, 338 (Bankr. E.D. Va. 1989) (observing that bankruptcy courts deny setoff for acts arising from wrongdoing, including breach of fiduciary duty, and collecting cases).

As those cases note, to allow a creditor to offset a judgment for breach of fiduciary duty, prefers him over otherwise similarly situated creditors and allows him to benefit from his wrongdoing. Given that the Fiduciary Judgment is a debt that arose from Mr. Snyder's breach of fiduciary duty to the Debtor, the Court finds that the Fiduciary Judgment does not satisfy the mutuality requirement for setoff.

3) Whether Mr. Snyder's purported lien on the Fiduciary Judgment justifies setoff:

Mr. Snyder also asserts that his purported lien on the Fiduciary Judgment justifies allowing setoff here. As noted previously, by virtue of the Security Agreement, the Loans were secured by a blanket lien on substantially all of the Debtor's assets. The Security Agreement described the collateral by UCC category and did not describe the Fiduciary Judgment because the Fiduciary Judgment did not exist at the time of the Security Agreement. While Mr. Snyder asserts that the secured status of his claim should be affirmed because the Trustee has not formally lodged an objection to his claim, the Court wonders what more a formal objection would accomplish at this point—the Trustee has made clear that she disputes the secured status of the claim based on the

undisputed fact that the Fiduciary Judgment is not described in the Security Agreement or the UCC-1 financing statement filed with Virginia State Corporation Commission. In essence, the Trustee asserts that her claim as a lien creditor under 11 U.S.C. 544 is superior to any purported security interest of Mr. Snyder. In so asserting, the Trustee argues that Mr. Snyder failed to properly attach and perfect a security interest in the Fiduciary Judgment, which the Trustee asserts is a commercial tort claim under Virginia's version of the Uniform Commercial Code (the "Virginia UCC") that requires special steps for attachment that were not taken.

Under the Virginia UCC, "commercial tort claim" means a claim arising in tort with respect to which, as is relevant here, the claimant is an organization. Va. Code §8.9A-102(a)(13)(A). Based on this definition, the Court finds that the Fiduciary Judgment, a judgment in tort that is held by a commercial entity, is a commercial tort claim under the Virginia UCC. For a security interest to attach to collateral, the Virginia UCC requires, among other things, that the collateral be sufficiently described. *See* Va. Code §§ 8.9A-108(b) and 8.9A-108(e). While the Virginia UCC allows some types of collateral to be described by category, such as by type of collateral defined under the UCC, commercial tort claims are expressly carved out under 8.9A-108(e)(1). As noted above, it is beyond dispute that the Security Agreement does not specifically describe the Fiduciary Judgment, nor does the UCC-1 Financing Statement. *See* Claim No. 19-2, pgs. 7-18, 28-29 (containing Security Agreement and UCC-1). While the Security Agreement may also contain an after acquired property clause, the Virginia UCC also provides that such clauses, which seek to attach collateral acquired after execution of the security agreement, do not apply to commercial tort claims. Va. Code §8.9A-204(b)(2). As a result, the Court finds that Mr. Snyder does not have a lien in the Fiduciary Judgment.

4) Whether equitable considerations warrant setoff:

Finally, the Court turns to Mr. Snyder's argument that equitable principles justify allowing setoff in this circumstance. Docket No. 90, pgs. 5-6. Mr. Snyder cites *Modern Settings, Inc. v. Prudential-Bache Secur., Inc.*, 109 B.R. 605, 607 (S.D.N.Y. 1989) and asserts the following in support of this argument:

- The Debtor's misconduct in obtaining the Loans[3];
- The same jury that awarded the Fiduciary Judgment entered the Contract Judgment against the Debtor in an amount four times the amount of the Fiduciary Judgment; and
- Insider transfers and other questionable post-judgment conduct that Debtor allegedly engaged in to divert assets to related businesses.

Docket No. 90, pg. 6. Regardless of whether these allegations are disputed, which the Court finds they largely are based on the Trustee's pleadings (*see* Docket No. 89), the Court finds that these allegations are irrelevant to the matter before the Court. And, regardless of whether equitable setoff is proper or even allowed under Fourth Circuit precedent,[4] the Court declines to apply setoff here. First, the case Mr. Snyder relies on has been reversed by the Second Circuit Court of Appeals. *Modern Settings, Inc. v. Prudential-Bache Sec., Inc.*, 936 F.2d 640 (2d Cir. 1991) (reversing district court decision to equitably allow setoff). As a result, the Court finds it has no persuasive value here. Second, as previously noted, setoff in bankruptcy is left to the equitable discretion of the bankruptcy court. *In re Nedrick*, No. 10-33456-KLP, 2017 WL 1207507, at *11 (Bankr. E.D. Va. Mar. 31, 2017). Here, doing so would elevate Mr. Snyder's claim above the rest of the estate, allowing him alone to reap the benefit of any recovery. Further, even if it is later established that the Debtor diverted funds and assets to related entities, any recovery should inure to the entire estate, because it is the entire state that is injured by such diversion of assets, not one

---

[3] Although the Court is declining to apply an equitable setoff, while also declining to decide if one is even allowable under Fourth Circuit precedent, the Court notes that the Trustee points out that any allegations regarding the Debtor's alleged misconduct were resolved against Mr. Snyder in connection with the fraud in the inducement claim in Fairfax County Circuit Court. *See* Docket No. 88, Exhibit D, pg. 72.

[4] Mr. Snyder has not cited any binding precedent, nor has he cited any persuasive authority that convinces this Court to equitably apply setoff to the Fiduciary Judgment and Contract Judgment.

13

sole creditor who cannot otherwise establish a right to setoff, and who breached his fiduciary duty to the Debtor.

## Conclusion

Based on the foregoing, the Court finds there is no genuine dispute of material fact and setoff is not appropriate in this case as a matter of law. Although Mr. Snyder has attempted to create disputed facts in his final pleading, namely by complaining of paragraph four of the Trustee's Motion[5], the Court is unconvinced that this has any bearing on the Court's decision. Any part of the Court's decision that relies on the Fiduciary Judgment and Judgment Order does not rely on the Trustee's allegations regarding the breach of fiduciary duty—it relies on the Judgment Order itself, Mr. Snyder's objections thereon, and Mr. Snyder's post-judgment motion. Accordingly, the Court will grant summary judgment in favor of the Trustee. A separate Order consistent with this Memorandum Opinion will issue.

Dated: Dec 11 2020

/s/ Klinette H Kindred

Klinette H. Kindred
United States Bankruptcy Judge

Entered On Docket: December 11, 2020

---

[5] Paragraph 4 of the Trustee's Motion includes statements of fact regarding the Debtor's answer to the counterclaim in the state court action, as well as statements of fact that explain the basis for the breach of fiduciary duty claim. Docket No. 88, pg. 3.